# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

FILED
OCT 29 2026
BONNIE HACKLER
Clerk, U.S. District Court
By ______ Deputy Clerk

TIFFANY SCHERADO and
DOMINIC ANGELO BIROU,

Plaintiffs,

v. CIV-26-54-JAR

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Defendant.

**OPINION AND ORDER**

A repair estimate measures the damage to a truck. It does not measure the entire controversy Plaintiffs pleaded.

Plaintiffs accuse State Farm of misrepresenting its policy, engaging in self-dealing, and taking their vehicle and its contents to force them to accept less than they were owed. They expressly assert breach of contract, breach of the duty of good faith and fair dealing, and conversion. They request actual damages and statutory attorney fees. Yet their motion to remand treats the repair cost or vehicle value as the full measure of this action.

The Court must consider the Petition as a whole. Having done so and having considered the parties' submissions and arguments at the hearing, the Court finds that State Farm has established the requisite amount in controversy. Plaintiffs' Motion to Remand (Dkt. No. 14) is DENIED.

## I. Background

Plaintiffs allege that their 2020 Toyota Tundra sustained damage in an insured event. According to the Petition, State Farm's policy requires payment of the lesser of the vehicle's actual cash value or the amount necessary to repair it. Plaintiffs allege that State Farm knew repairs would cost less but refused to tender that amount. (Dkt. No. 2-1 ¶¶ 1, 4–7).

The Petition also alleges that State Farm took the vehicle and its contents without notice or permission and refused to return the vehicle upon demand. (Id. ¶¶ 8–9). Paragraph 10 alleges bad faith through "misrepresentation of the policy provisions," "self dealing intended to obtain Plaintiffs' vehicle for less than it is worth," and theft of the vehicle and its contents "as a means of forcing Plaintiffs to accept less than is owed to Plaintiffs under the Policy." (Id. ¶ 10).

Paragraph 11 expressly identifies breach of contract, breach of the duty of good faith and fair dealing, and conversion as grounds for recovery. It states that the resulting economic damages "include the cost of replacing the vehicle." Paragraph 12 alleges entitlement to attorney fees under Okla. Stat. tit. 36, § 3629. The prayer requests actual damages, statutory attorney fees, interest, costs, and other appropriate relief without specifying a total amount. (Id. ¶¶ 11–12 & at 3).

State Farm removed the action on diversity grounds. Its notice identifies Plaintiffs as Oklahoma citizens and State Farm as an Illinois corporation with its

principal place of business in Illinois. The notice addresses the Petition's contrary characterization of State Farm and identifies an Illinois Department of Insurance record supporting its incorporation. (Dkt. No. 2 ¶¶ 2–3; Dkt. No. 2-3 at 1). Plaintiffs' motion to remand and reply challenge the amount in controversy.

Plaintiffs identify a net repair amount of $27,549.93 after the $250 deductible and State Farm's vehicle valuation of $31,139.00. (Dkt. No. 14 at 1 ¶ 3; Dkt. No. 14-1 at 6; Dkt. No. 14-2 at 1). They contend that non-economic and exemplary damages are not at issue and that attorney fees would have to be disproportionately large to bring the amount in controversy above $75,000.00. (Dkt. No. 14 at 1–4; Dkt. No. 19 at 1–3). State Farm responds that this calculation omits the bad faith claim and the additional compensatory relief implicated by that claim. (Dkt. No. 16 at 1–3).

The Court heard argument on the motion and has considered the parties' written submissions and oral arguments.

## II. Governing Standard

Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a). State Farm bears the burden of establishing federal jurisdiction. *Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1016 (10th Cir. 2013). It must establish diversity jurisdiction by a preponderance of the evidence. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014). The Court also recognizes the presumption

against federal jurisdiction. *Full Life Hospice*, 709 F.3d at 1016. It does not presume that removal was proper or require Plaintiffs to disprove jurisdiction. State Farm must establish it. The Court applies that burden throughout its analysis, including when evaluating the Petition's unspecified damages demand.

The Supreme Court has distinguished the allegation required in a notice of removal from the showing required when that allegation is challenged. A notice "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Evidentiary submissions need not accompany it. Once the amount is contested, however, the Court determines by a preponderance of the evidence whether the jurisdictional requirement is satisfied. *Id.* at 88–89.

In making that determination, the Court may consider the facts and theories alleged in the petition, together with other record materials bearing on the value of the controversy. *McPhail v. Deere & Co.*, 529 F.3d 947, 955–56 (10th Cir. 2008). The amount in controversy is an estimate of the amount placed at issue during the litigation, not proof of the amount ultimately recoverable. *Id.* at 956.

State Farm therefore must establish the jurisdictional value of Plaintiffs' claims. It need not establish that Plaintiffs will prevail on them.

## III. Analysis

### A. Plaintiffs demand more of the notice than Dart Cherokee requires

Plaintiffs repeatedly fault State Farm for failing to affirmatively establish the value of their claims in the notice of removal. They rely on *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), to argue that the notice itself needed factual evidence establishing the jurisdictional amount.

*Dart Cherokee* rejected that requirement. Congress required a short and plain statement of the grounds for removal, not an evidentiary presentation accompanying the notice. 574 U.S. at 87–89. Plaintiffs' reliance on *Laughlin* cannot restore the displaced requirement.

State Farm's notice identified the contract, bad faith, and conversion claims, the request for actual damages, and the statutory basis for attorney fees. It alleged that the amount in controversy exceeded $75,000.00. (Dkt. No. 2 ¶¶ 4–8). The absence of an affidavit or itemized damages calculation attached to that notice does not make removal defective.

Plaintiffs correctly observe that their challenge requires the Court to proceed beyond the notice's sufficiency. *Dart Cherokee* expressly requires evidence when the jurisdictional allegation is contested. *Dart Cherokee*, 574 U.S. at 89. But that requirement does not confine the Court to a particular form of proof or require it to disregard the Petition and the valuation materials already in the record. *McPhail*

permits a reasoned estimate grounded in the allegations and the nature of the relief sought. 529 F.3d at 955–56.

Plaintiffs thus present two distinct objections: that State Farm failed to attach sufficient evidence to its notice, and that the record remains insufficient after their challenge. *Dart Cherokee* answers the first objection; it does not dispense with the second. The Court therefore does not equate an adequate notice with an established jurisdictional amount. It separately considers below whether the Petition and the valuation materials support the required finding by a preponderance of the evidence.

## B. The repair estimate does not account for the entire Petition

Plaintiffs' argument begins with an undisputed point: neither the repair estimate nor the vehicle valuation exceeds $75,000.00. The difficulty lies in their next step. They treat those figures as an exhaustive measure of a Petition alleging considerably more than an unpaid repair bill.

For purposes of this motion, the Court uses Plaintiffs' asserted net repair amount of $27,549.93 without deciding whether that amount is owed. The estimate identifies that figure as the insurance payment after a $250 deductible. (Dkt. No. 14 at 1 ¶ 3; Dkt. No. 14-1 at 6). State Farm's Answer disputes Plaintiffs' allegation that repairs were necessarily the lesser amount and states that the vehicle was deemed a total loss. (Dkt. No. 12 at 2). The jurisdictional inquiry does not require resolution of that merits dispute.

The Petition's opening sentence expressly identifies breach of the duty of good faith and fair dealing as a theory of recovery. Paragraph 1 repeats that theory. Paragraph 10 describes the alleged bad faith conduct. Paragraph 11 again identifies breach of that duty as a basis for relief. (Dkt. No. 2-1 at 1; id. ¶¶ 1, 10–11).

This is not a case in which the Court must infer a bad faith claim from an isolated adjective. Paragraph 10 describes the alleged misconduct. Paragraph 11 then expressly identifies breach of State Farm's duty of good faith and fair dealing as a ground for recovery, alongside breach of contract and conversion. The absence of separately numbered counts does not erase that express identification. The Petition alleges both the conduct and the claim. (Dkt. No. 2-1 ¶¶ 10–11).

That distinction matters. An allegation that a party acted in bad faith is not necessarily an assertion of an independent claim. But Plaintiffs did more: they identified the duty allegedly breached, described the conduct constituting the breach, and sought damages resulting from it. The Court reads those allegations together. It does not treat Paragraph 11 as surplusage merely because Plaintiffs' remand argument concentrates on the repair bill.

Plaintiffs nevertheless characterize State Farm's reliance on non-economic damages as "purely contrived." (Dkt. No. 19 at 2). State Farm did not invent the bad faith claim from which it identifies potential additional compensatory relief. Plaintiffs expressly pleaded it.

A bad faith claim does not invariably place non-economic damages in controversy, and its presence does not automatically establish federal jurisdiction. The Court considers the particular pleading before it. Here, Plaintiffs allege a deliberate course of coercive claims handling and request actual damages for the conduct described throughout the Petition. Paragraph 11 identifies replacement costs as damages "include[d]" in their economic loss. Neither that paragraph nor the prayer expressly confines the requested recovery to repairs or replacement.

Plaintiffs assert in their remand briefs that they seek no non-economic damages. The Court has considered that characterization but does not adopt it. Read as a whole, the Petition seeks compensation for the alleged course of bad faith conduct, not merely payment of the vehicle's repair or replacement cost. Its factual allegations and unrestricted request for actual damages place compensatory relief for that conduct in controversy, to the extent such relief does not duplicate recovery for the same injury.

Nor does State Farm's acknowledgment of coverage reduce the action to repair arithmetic. State Farm expressly admits that the vehicle "was involved in a loss for which coverage was extended." (Dkt. No. 12 at 2). But it denies Plaintiffs' allegations of breach, wrongful taking and retention, and bad faith. (Id. at 3). The acknowledgment of coverage therefore does not resolve the alleged misconduct in handling the covered loss.

Oklahoma's pleading requirements further inform the Court's treatment of the Petition's unspecified damages demand. Section 2008(A)(2) generally requires a pleading seeking damages above the federal diversity threshold to state that fact, subject to its exception for actions sounding in contract. For a demand at or below that threshold, the statute requires the pleading to specify the amount sought. Okla. Stat. tit. 12, § 2008(A)(2). Plaintiffs' Petition supplies neither a specified amount nor an express demand exceeding the jurisdictional threshold. It asserts contract and tort theories and requests actual damages without specifying an amount.

State Farm raised this omission in its notice of removal and response. (Dkt. No. 2 ¶ 4; Dkt. No. 16 at 2–3). Plaintiffs nevertheless ask the Court to treat the repair estimate as the full measure of their requested relief. The Petition contains no such limitation. Its omission of a damages amount does not convert an unrestricted demand into a restricted one.

The omission establishes neither a jurisdictional amount nor a limitation on recovery. State Farm retains its burden. As *McPhail* explains, "a plaintiff cannot avoid removal merely by declining to allege the jurisdictional amount." 529 F.3d at 955. The Court must therefore determine the amount in controversy from the claims alleged, the relief requested, and the supporting record.

## C. **The record supports an amount in controversy exceeding $75,000.00**

The Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

The record identifies a property loss approaching $30,000.00. The Petition additionally alleges a deliberate course of bad faith claims handling involving misrepresentation, self-dealing, and the taking and retention of Plaintiffs' property to compel an inadequate settlement. Plaintiffs request actual damages for that conduct and statutory attorney fees. Considering the particular allegations, the documented property loss, and the relief requested, the Court reasonably estimates that the controversy exceeds the jurisdictional threshold.

The absence of an itemized valuation does not end the inquiry. *McPhail* permits an estimate grounded in the combination of facts and theories of recovery alleged in the complaint. 529 F.3d at 955–56. Here, the documented property loss supplies the starting point, not the entire measure. Plaintiffs allege that State Farm misrepresented its policy and took and retained their vehicle and its contents as a means of forcing an inadequate settlement. They expressly seek actual damages for breach of the duty of good faith and fair dealing, alongside their contract and conversion theories, and request statutory attorney fees. (Dkt. No. 2-1 ¶¶ 8–12 & at 3). The Court does not assign an automatic value to the bad faith claim or presume that every alleged wrong produces a separate recovery. It finds that the particular conduct alleged, the substantial documented property component, and the reasonably

recoverable statutory fees, considered together, place more than $75,000 in controversy. That is an estimate of the controversy presented by this Petition, not a valuation of bad faith claims in the abstract.

The Court counts the property loss only once. It does not add the $27,549.93 net repair amount to the $31,139.00 vehicle valuation. Alternative theories of recovery do not multiply the same loss. State Farm itself describes recovery of the repair amount under the contract claim "or" the vehicle value under the conversion claim. (Dkt. No. 16 at 1).

Plaintiffs' reliance on Okla. Stat. tit. 23, § 64, and OUJI Instruction 27.2 therefore does not undermine the finding. Even accepting their argument concerning the measure of conversion damages, that argument addresses the property component. It does not establish the value of the additional compensatory relief implicated by the bad faith allegations or the statutory fee demand.

The Court assigns no separate amount to the vehicle's contents because the record supplies no valuation. It likewise includes no punitive damages, interest, or costs in reaching the jurisdictional threshold.

The Court does not decide whether Plaintiffs will prove bad faith or obtain any particular award. State Farm's jurisdictional burden does not require it to prove Plaintiffs' case against itself. But neither does uncertainty about the eventual recovery relieve State Farm of establishing the amount in controversy. The inquiry

concerns the value placed at issue by the pleaded claims, supported by the jurisdictional record—not a prediction that Plaintiffs will prevail or recover more than $75,000.00. *McPhail*, 529 F.3d at 955–56.

**D. Plaintiffs' fee authorities do not require remand**

Plaintiffs argue that State Farm has not established whether attorney fees will actually be awarded. Their Petition expressly alleges entitlement to fees under § 3629 and requests them on that basis. (Dkt. No. 2-1 ¶ 12 & at 3). When a statute permits recovery of attorney fees, a reasonable estimate may be included in determining the jurisdictional amount. *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1340 (10th Cir. 1998).

*Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1445–46 (10th Cir. 1993), establishes that an insured does not automatically become the prevailing party merely because the insurer failed to make a timely offer. The Court accepts that limitation. It does not assume that Plaintiffs will recover fees, that either party necessarily must recover them, or that every fee incurred will be compensable. Plaintiffs nevertheless expressly seek fees under § 3629. (Dkt. No. 2-1 ¶ 12 & at 3). The question is whether a reasonable estimate of fees recoverable on that statutory demand belongs in the jurisdictional calculation, not whether the Court can adjudicate ultimate fee entitlement before resolving the underlying claims. *Miera*, 143 F.3d at 1340.

Plaintiffs also invoke *Sw. Bell Tel. Co. v. Parker Pest Control, Inc.*, 737 P.2d 1186, 1188–90 (Okla. 1987), and *Catlin Aviation Co. v. Equilease Corp.*, 626 P.2d 857, 861 (Okla. 1981). Those decisions constrain a reasonable fee award; they do not impose the ceiling Plaintiffs propose. *Southwestern Bell* expressly requires a reasonable relationship between the fee and the amount in controversy. 737 P.2d at 1189. Yet it approved a $3,000 fee on a $1,500 confessed judgment, recognizing that allegations of fraud had complicated what began as a collection action. *Id.* at 1189–90. *Catlin* upheld a $600 fee award despite documentation of more than 100 attorney hours, finding no abuse of discretion. 626 P.2d at 861. Neither decision establishes a fixed ratio between damages and fees. Nor does either supply a dollar estimate for the fees reasonably recoverable here. The Court must account for the limits those decisions impose without converting them into a cap they do not contain.

More fundamentally, Plaintiffs assume that attorney fees must supply the entire difference between the property loss and $75,000.00. The Court's finding does not depend on that premise. It considers reasonable recoverable fees together with the property loss and the additional compensatory relief implicated by the bad faith allegation. It does not assume that fees alone must approach twice the repair cost.

Plaintiffs' asserted concession fares no better. State Farm acknowledged that their fee proportionality argument "may be true," but immediately explained that it "ignores Plaintiffs' remaining claim." (Dkt. No. 16 at 3). Plaintiffs cannot detach the qualification and treat the remainder as a conclusive admission. State Farm

acknowledged a possible objection to a calculation based on property damages and fees alone. It did not concede the value of the entire controversy.

As addressed above, Plaintiffs' omission of a specified damages amount does not itself establish jurisdiction. Neither does their failure to stipulate to a recovery below the jurisdictional threshold. The Court draws no independent inference of a sufficient amount from either circumstance. Its finding rests on the affirmative content of the Petition and the supporting record considered together. State Farm retains the burden; Plaintiffs' silence does not carry it.

## IV. Conclusion

Plaintiffs chose to allege more than a failure to pay for repairs. They alleged that their insurer misrepresented its policy, acted for its own benefit, and took their property to force an inadequate settlement. They requested actual damages for that conduct and statutory attorney fees.

Plaintiffs may dispute liability, the available relief, and the amount ultimately recoverable. But the jurisdictional inquiry must account for the controversy their Petition presents. Having considered that controversy as a whole, the Court finds that State Farm has established an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

Plaintiffs' argument attempts to narrow the story. It cannot narrow the controversy.

Plaintiffs' Motion to Remand (Dkt. No. 14), including their request for attorney fees under 28 U.S.C. § 1447(c), is **DENIED**.

**IT IS SO ORDERED** this 29th day of October 2026

Jason A. Robertson
United States Magistrate Judge